**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EDDIE WHITE, JR.,

       Plaintiff,

vs.                                                                          CIV 99-203 LCS/KBM-ACE

S.E. ACQUISITION OF ALBUQUERQUE,
NEW MEXICO, INC. d/b/a HILLCREST
FUNERAL HOME,

       Defendant.

## MEMORANDUM OPINION AND ORDER COMPELLING ARBITRATION OF PLAINTIFF'S BREACH OF CONTRACT CLAIM ONLY

THIS MATTER came on for consideration of Defendant S.E. Acquisition's Motion to

Stay Proceeding and Compel Arbitration as to Plaintiff's breach of contract claim *(Doc. 22 )*.  The

Court has reviewed the motion, the memoranda submitted by the parties and the relevant

authorities.  The Court finds that the motion is well taken and will be granted.

### The Agreement to Arbitrate is Unambiguous

I agree with Defendant that the parties unambiguously decided to submit "all

controversies" relating to the purchase agreement, employment agreement, and non-competition

agreement to binding arbitration.  These three agreements were executed together on December

10, 1996.  Paragraphs 15(b) and (c) of the purchase agreement expressly describe and

incorporate the employment agreement and non-competition agreement.  Likewise, the arbitration

provision contained in paragraph 16 of the purchase agreement expressly incorporates the other

two agreements. Having unambiguously agreed to arbitration, the parties must first submit disputes relating to the agreements to arbitration unless such an agreement to arbitrate is unenforceable.

**The Agreement to Arbitrate is Enforceable as to the Breach of Contract Claim**

Plaintiff argues that because he may be required to pay some of the arbitration costs under the arbitration provision, enforcement of the arbitration agreement is precluded by the Tenth Circuit's decision in *Shankle v. B-G Maintenance Management of Colorado, Inc.*, 163 F.3d 1230 (10th Cir. 1999). I believe that Plaintiff reads the *Shankle* opinion much to broadly.

*Shankle* involved an arbitration agreement in which the plaintiff put forth only federal statutory claims for discrimination under Title VII, the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). The court examined the mandatory arbitration agreement with its fee-splitting provision in light of the remedial and deterrent functions of the federal anti-discrimination laws. The *Shankle* panel concluded that the fee-splitting agreement prevented the plaintiff from "effectively vindicating his or her statutory rights" in an "effective and accessible alternative forum." *Id.* at 1233-35 (footnote omitted).

*Shankle* is distinguishable in that it did not concern enforcement of an arbitration provision as to a plaintiff's non-statutory claims (such as a simple State law claim for breach of contract) for which the remedial and deterrent functions cited above are not implicated. Where, as here, Plaintiff's statutory Title VII claim will remain before the Court, the motion to stay the breach of contract claim and compel arbitration of that claim only is well taken.

Wherefore,

IT IS ORDERED that Defendant S.E. Acquisition's Motion to Stay Proceeding and Compel Arbitration *(Doc. 22 )* be, and hereby is, **granted.  This proceeding is hereby stayed as to the breach of contract claim only and the parties shall submit that issue only to arbitration**.

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:          Judith C. Herrera
                                HERRERA, LONG & POUND, P.A.
                                Santa Fe, New Mexico


Counsel for Defendant:          S. Mark Klyza and Steven L. Scott
                                THE KULLMAN FIRM
                                New Orleans, Louisiana

                                Scott D. Gordon
                                RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
                                Albuquerque, New Mexico